### No.——

### First Circuit

---

### McGREGOR v. DEALE

---

(June 12, 1928.  Opinion and Decree.)
(June 20, 1928.  Rehearing Refused.)

---

*(Syllabus by the Editor)*

1.  **Louisiana Digest—Appeal—Par. 625, 626.**
The finding of the trial court on matters of fact and the credibility of witnesses where clearly correct is affirmed.

Appeal from the Parish of East Baton Rouge.  Wm. Carruth Jones, Judge.

Action by R. H. McGregor against Mrs. Grace E. Deale.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed

Sanders & Gottlieb, of Baton Rouge, attorneys for plaintiff, appellee.

C. A. Battle, of Baton Rouge, attorney for defendant, appellant.

ELLIOTT, J.   R. H. McGregor claims damages of Mrs. Grace E. Deale in the amount of $385.00, on the ground that she agreed that he might have the lespedeza hay cut by him from her pecan orchard, and that after he had cut and piled the hay, she ordered him to remove it from her premises within such a short space of time that it was impossible for him to do it.  That she nailed up the gates and thereby prevented him from removing the hay, and caused him to lose the same worth $385.00.  That the hay was in payment of services rendered her by him.

Mrs. Deale denied plaintiff's averments. The lower court decided in favor of the plaintiff, and Mrs. Deale has appealed.

The testimony of the plaintiff is in line with his averments, and his contention that Mrs. Deale caused him to lose the hay in the way he alleges and testifies, is supported by another witness.

Mrs. Deale, in her testimony, denies the statements of the plaintiff and she is supported in her contentions by a witness.

The record shows that defendant wrote plaintiff several letters at a time when there was no misunderstanding between them.  These letters show that plaintiff had charge of defendant's pecan orchard and was looking after it for her.  The letters do not speak of any definite contract of employment between them, but they show that plaintiff is a farmer and not a man of leisure, and they justify the inference that plaintiff was not rendering his services free, but that compensation of

some kind might be looked for as a result of the same.

The District Judge had the parties before him, saw them, heard them and their witnesses. The decision of the case depends on the credibility of the parties and their witnesses, and we do not feel able to say that the lower court has erred in deciding the case.

Judgment affirmed, defendant and appellant to pay the cost in both courts.